# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:98-CR-00246-RLV-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STEVEN DONEWAN CARR, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant Carr's letter dated October 15, 2012, and pro se Motion for Reconsideration. (Doc. 165.)

Therein, Defendant's efforts to calculate his offense level under the U.S. Sentencing Guidelines incorporate flawed readings of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the Fourth Circuit's decision in *United States v. Collins*, 415 F.3d 304 (4th Cir. 2004). Defendant reads these decisions to require the Court to sentence Defendant as if he had possessed with intent to distribute or distributed no more than five grams of crack cocaine. (*See* Doc. 165 at 2.)

*Apprendi*, 530 U.S. at 490, requires as a principle of constitutional law that, except for "the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In this case, though Carr was found guilty by jury verdict of multiple instances of possession with intent to distribute and distribution of a quantity of cocaine base, of aiding and abetting such possession and distribution, and of conspiracy to possess and distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 2, the actual quantities of cocaine base in

1

issue were neither alleged in the Indictment nor submitted to the jury, and Carr must therefore be sentenced without reference to drug quantity. Under section 841(b)(1)(C), regardless of the quantity of cocaine base in issue, a defendant convicted of a violation of section 841(a) is eligible for a term of imprisonment ranging from zero to twenty years. Therefore, to abide by *Apprendi*'s command, the Court may not sentence Defendant to a term of more than twenty years for any count of which he has been convicted.

Additionally, in *Collins*, 415 F.3d at 314–15, where the jury found a defendant guilty of conspiracy to violate section 841(a) without finding the amount of narcotics individually attributable to that defendant, the panel permitted the government to request either that the conviction be reversed and remanded for a new trial, or that the defendant be resentenced under the default penalty provision in section 841 that applies when the amount of crack cocaine attributable to a defendant is less than five grams, namely, 21 U.S.C. § 841(b)(1)(C). *Collins* does not, contrary to Defendant's suggestion, require the Court to find that Defendant was individually responsible only for five grams of crack cocaine in crafting a sentence. Rather, the Court "is entitled to find individualized drug quantities by a preponderance of the evidence, as part of its calculation of an advisory Guidelines range, . . . so long as its resulting sentence is within the relevant statutory range," here, zero to twenty years for each count. *United States v. Brooks*, 524 F.3d 549, 562 (4th Cir. 2008).

The Court, having found Defendant individually responsible for 1.5 kilograms of cocaine base, has complied with the mandates of *Apprendi* and *Collins*. Pursuant to U.S.S.G. § 5G1.2, the Court has properly stacked sentences to meet the low end of Defendant's amended guideline range: 262 months. Therefore, no grounds meriting reconsideration of the Court's Order dated

July 17, 2012, have been presented. (Doc. 164.)

**IT IS, THEREFORE, ORDERED** that Defendant Carr's Motion for Reconsideration (Doc. 165) be **DENIED**.

Signed: December 13, 2012

Richard L. Voorhees
United States District Judge